UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 04-25566 |
| | ) | |
| LINDA C. GILMORE, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |

MEMORANDUM OF OPINION

On December 8, 2004, debtor, Linda Gilmore, filed her most recent bankruptcy case in violation of the 180-day filing bar imposed under 11 U.S.C. § 109(g). For the reasons that follow: (1) this case is dismissed with a new 180-day filing bar, (2) the debtor is ordered to pay $582 in outstanding filing fees within fifteen days, and (3) the automatic stay of 11 U.S.C. § 362(a) shall not apply to any bankruptcy case filed in violation of this order.

BACKGROUND AND PROCEDURAL HISTORY

Ms. Gilmore's first case, #03-24603, was dismissed on February 2, 2004, and the Court ordered debtor to pay delinquent filing fees of $194 (Docket #15 in case #03-24603). Debtor did not comply but instead filed case #04-15981 and requested to pay that filing fee in installments (Docket #2 in case #04-15981). The Court denied that request (Docket #3 in case #04-15981), citing debtor's outstanding fees from case #03-24603, and ordered debtor to pay $388 (the total filing fees from both cases). Again the Debtor did not pay, and case #04-15981 was dismissed on July 26, 2004, with a 180-day filing bar (Docket #11 in case

#04-15981). In violation of the 180-day filing bar, debtor filed this case on December 8, 2004, and debtor has not paid the $194 in filing fees in this case.

DISCUSSION

The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334(b) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2).

Subsection 109(g) of the Bankruptcy Code provides:

Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if--

> **(1)** the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or

> **(2)** the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

In *In re Andersson*, 209 B.R. 76 (B.A.P. 6th Cir. 1997), the Sixth Circuit Bankruptcy Appellate Panel affirmed the decision of a bankruptcy court that dismissed a case filed in violation of 109(g) and imposed a new 180-day filing bar. The debtor's filing of her most recent case in violation of a filing bar imposed

under subsection 109(g) presents a scenario similar to *Andersson*. Accordingly, this case will be dismissed with the imposition of a new 180-day filing bar.

Although some courts have held that a new filing in violation of 11 U.S.C. § 109(g) is void, *see, e.g., In re Casse*, 198 F.3d 327, 342 (2d Cir. 1999); *Rowe v. Ocwen Federal Bank & Trust*, 220 B.R. 591, 595 (E.D. Tex. 1997), *aff'd without published opinion,* 178 F.3d 1290 (5th Cir. 1999), this Court need not address that issue. Rather, the Court finds that it can afford creditors similar protection by ordering that the automatic stay of 11 U.S.C. § 362(a) shall not apply to any bankruptcy case filed in violation of this order. *Cf. In re Trident Associates Ltd. Partnership*, 52 F.3d 127 (6th Cir. 1995) (affirming bankruptcy court decision that retroactively lifted automatic stay because Chapter 11 case was filed in bad faith).

In addition, while dismissals for cause under 11 U.S.C. § 1307(c) provide for notice and an opportunity for a hearing, the Court believes that notice and an opportunity for a hearing are unnecessary regarding this particular dismissal for violation of 11 U.S.C. § 109(g). The record already before the Court indicates that this case was filed in violation of a 180-day filing bar imposed under subsection 109(g), making Ms. Gilmore ineligible to be a debtor. Furthermore, 11 U.S.C. § 105(a) provides, in pertinent part:

> No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua

sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Therefore, no purpose would be served by providing notice and hearing under the particular circumstances of this case.

## CONCLUSION

For the foregoing reasons, (1) this case is dismissed with a new 180-day filing bar; (2) the debtor is ordered to pay $582 in outstanding filing fees within fifteen days; and (3) the automatic stay of 11 U.S.C. § 362(a) shall not apply to any bankruptcy case filed in violation of this order.

IT IS SO ORDERED.

Arthur I. Harris
United States Bankruptcy Judge

4